IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD LADEM and<br>JOSHUA EMANUEL EL-BEY,<br><br>                 Plaintiffs,<br><br>     v.<br><br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEM, INC., FREMONT INVESTMENT<br>AND LOAN, and U.S. BANK ASSOCIATION,<br><br>                 Defendants. | CIVIL ACTION<br><br>NO. 11-7527 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**　　　　　　　　　　　　　　　　　　　　　　**APRIL 17, 2012**

Presently before the Court is Defendants, Mortgage Electronic Registration System, Inc. ("MERS"), Fremont Investment and Loan ("Fremont"), and U.S. Bank Association's ("U.S. Bank") (collectively, "Defendants") "Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction" against Plaintiffs, Bernard Ladem ("Ladem") and Joshua Emanuel El-Bey ("El-Bey") (collectively, "Plaintiffs"). Also before this Court is El-Bey's pro se "Request for a Default Judgment" against Defendants. For the reasons stated below, we will deny El-Bey's Request for a Default Judgment, and grant Defendants' Motion to Dismiss.[1]

---

[1] Plaintiffs have filed their Complaint pro se. It is well-settled that pleadings from pro se litigants must be liberally construed. See, e.g., Tri–M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). We note that the pro se Complaint is difficult to understand. Interpreting what claims Plaintiffs are intending to aver, and the facts surrounding such claims has, likewise, proven to be difficult. In "liberally construing" this Complaint, we attempt to consider all of Plaintiffs' causes of action in the instant Motion to Dismiss.

I.     FACTS

On October 12, 2005, Ladem obtained a residential mortgage loan from Fremont in the amount of $340,000 ("Mortgage") which Ladem intended to use toward the contract price of $425,000 to purchase a residence located at 5324 Wynnefield Avenue, Philadelphia, Pennsylvania ("Property").  (Compl. ¶¶ 17, 23, 28; Defs.' Mot. Dismiss, Ex. B.)  On December 12, 2005, Ladem purchased the Property for $425,000 using the mortgage loan in the amount of $340,000.  (Defs.' Mot. Dismiss, Ex. B.)  The Mortgage was originated by Fremont, and Ladem entered into a written contract with Fremont which included the Mortgage and the promissory note.  (Compl. ¶¶ 12, 17.)  Ladem received disclosures from Fremont, but Plaintiffs assert that such financial disclosures did not reflect the true terms of the legal obligations between the parties as required by the Truth-in-Lending Act ("TILA") Regulation 12 C.F.R. § 226.17(c)(1).  (Compl. ¶ 42.)  El-Bey was not a party to this transaction on October 12, 2005.  ( Defs.' Mot. Dismiss, Ex. C.)

> Ladem alleges that he received a disclosure that was incorrect.  Specifically, he claims:
>
> > Plaintiffs was [sic] the depositor in this transaction and the
> > Defendant prepared the note and mortgage agreements in writing,
> > but failed or refused to disclose a material fact in either instrument.
> > The material fact was that Plaintiff was the depositor and that the
> > Defendant risked none of its assets in the exchange, nor any other
> > assets of other depositors.

(Compl. ¶ 22.)  Ladem further claims that:

> For the Plaintiff believing and relying on the representation of
> Defendant's [sic] or the Mortgagee/Lender believing that the
> Promissory Note draft was money given to him by the original
> lender from his private assets, But the promissory note was PAY
> [sic] TO THE ORDER OF THE MORTGAGE COMPANY
> WHICH IS FRAUD IN THAT THE LENDER WAS THE BUYER

>   OF THE PROPERTY; BUT USE THE DEFENDANT SOCIAL
>   SECURITY NUMBER IN A ILLEGAL WAY TO RECEIVE THE
>   CREDITS AND PLACE A LIEN ON THE PROPERTY WHICH
>   WAS HELD AS COLLATERAL BASE ON THE PLAINTIFF
>   NON DISCLOSURE TO THE DEFENDANT OF THESE FACTS
>   AND PLAINTIFF RECEIVING THEE [sic] PROCEEDS FROM
>   DEFENDANT PAYING THE MONTH PAYMENT FOR THE
>   DEFENDANT TO LIVE ON THE PREMISES WOULD PAY
>   THE INSTALLMENTS ON THE DEED OF TRUST, AND THAT
>   THE TITLE OF THE PROPERTY WAS FREE AND CLEAR OF
>   ALL ENCUMBRANCE EXCEPT FOR THE DEED OF TRUST,
>   WAS INDUCED TO ENTER INTO THE AGREEMENT.

(Id. ¶ 28.)

On January 11, 2007, U.S. Bank initiated a foreclosure action in the Court of Common Pleas of Philadelphia County naming Ladem as the defendant. U.S. Bank Nat'l Ass'n v. Ladem, No. 07-1356, January Term, 2007 (Pa. Ct. Com. Pl. Phila. County). According to a quitclaim deed recorded on August 13, 2007, in Philadelphia, Ladem owned the property until February 22, 2006, when he sold it to El-Bey for $1.00. (Defs.' Mot. Dismiss, Ex. D.) On May 22, 2008, U.S. Bank withdrew the foreclosure action without prejudice. (Id.) On June 4, 2008, U.S. Bank initiated a second foreclosure action in the Philadelphia Court of Common Pleas.[2] (Id., Ex. E.) The docket of this foreclose action indicates that El-Bey participated in this action, and filed various motion papers. (Id. at 6-8, 10-11, 13-14.) The docket also reflects that U.S. Bank obtained a judgment in the foreclosure and the Property was sold at a Sheriff's sale on May 13, 2010. (Id. at 15.) Thereafter, on March 22, 2010, U.S. Bank initiated an ejectment action in the Philadelphia Court of Common Pleas[3] seeking to eject Ladem and El-Bey from the property.

---

[2] U.S. Bank Nat'l Ass'n v. Ladem and El-Bey, No. 08-604, June Term, 2008 (Pa. Ct. Com. Pl. Phila. County).

[3] U.S. Bank Nat'l Ass'n v. Ladem and El-Bey, No. 100303882.

(Id., Ex. F.)  The docket of this ejectment action indicates that El-Bey participated in the action filing several motions.  (Id. at 4, 7.)  On November 8, 2010, U.S. Bank obtained a judgment for possession of the Property, and on September 7, 2011, the court denied a Motion to Strike the Judgment.  (Id.)  On September 14, 2011, Plaintiffs initiated a replevin action in the Philadelphia Court of Common Pleas.  (Id., Ex. G.)  However, Plaintiffs filed a praecipe discontinuing this action on November 14, 2011.  (Id., Ex. G, Docket.)

El-Bey has also filed three previous pro se federal lawsuits in this District regarding the Property.  On April 27, 2009, El-Bey filed an action here claiming that the foreclosure action of the Property was improperly commenced.  See El-Bey v. Ladem, Fremont Inv., Chase Home Fin. LLC and McCabe Weisberg & Conway, No. 09-1774.  Judge William H. Yohn, Jr. dismissed this action, with prejudice on July 30, 2009, because El-Bey failed to respond to a motion to dismiss and failed to appear at oral argument.  (Id., Docket No. 8.)  On November 30, 2009, El-Bey filed a second federal action asserting that U.S. Bank and foreclosure counsel violated his civil rights by pursuing a fraudulent foreclosure action regarding the Property.  El-Bey v. U.S. Bank Nat'l Ass'n, et al., No. 09-5656, 2010 WL 2471681, at *1 (E.D. Pa. June 14, 2010).  Judge Yohn also dismissed this action concluding that "El-Bey's amended complaint lacks merit even construed liberally in his favor because of his status as a  pro se litigant."[4]  Id. at 5.  El-Bey filed a third federal action concerning this Property on April 19, 2010, asserting a RICO action against U.S. Bank.  El-Bey v. U.S. Bank Nat'l Ass'n, et al., No. 10-1716.  Judge Yohn dismissed this

---

[4]The court noted that "El-Bey does not seem to understand that as a terre-tenant he is not personally responsible for the debt.  However, he took title to the Property under and subject to the mortgage so that if the mortgage is not paid, the Property is subject to foreclosure."  El-Bey, 2010 WL 2471681, at 4 n.6.

action with prejudice on June 9, 2010.[5]  Id.

Plaintiffs filed the instant Complaint on December 8, 2011, and seem to attempt to raise three separate causes of action namely, TILA, 15 U.S.C. § 1601, et seq.; the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, et seq.  Although it is difficult to recognize from Plaintiffs' Complaint exactly what relief they are demanding, it seems apparent that they are seeking rescission and/or modification of the mortgage note and purchase agreement regarding the sale of the Property, as well as a release from liability under the mortgage agreement. Plaintiffs state in their Complaint that they ask this Court: "[t]o Decree the lien-judgment to invalidate and/or render void ab initio, nunc pro tunce [sic], the Loan and Mortgage Agreement or as to such other relief deemed just and appropriate by the court under the Truth in Lending violation." (Compl., Demand for Equitable Relief, ¶ C.)

On January 6, 2012, MERS and U.S. Bank filed a Motion for an extension of time to respond to the Complaint.  (Doc. No. 2).  On January 11, 2012, El-Bey filed a "Request for Default" against MERS and U.S. Bank for failure to file an answer to their Complaint.  (Doc. No. 5).  On January 13, 2012, this Court granted MERS and U.S. Bank's Motion for an extension of time to file an answer to the Complaint and to the Request for a Default Judgment.[6]  (Doc. Nos. 7-8).  Defendants filed the instant Motion to Dismiss on February 2, 2012.  (Doc. No. 9).  El-Bey filed an Affidavit on February 7, 2012, asserting that a default judgment should be entered

---

[5]El-Bey also filed an action in the Bankruptcy Court of the Eastern District of Pennsylvania.  In re El-Bey, Bankr. No. 11-17426.  This action was also terminated against El-Bey.  Id.

[6]Fremont was added as a party on January 13, 2012.

5

against Defendants for failure to respond to his Complaint. (Doc. No. 11). However, to date, Plaintiffs have neither filed a response to Defendants' Motion to Dismiss, nor filed a Motion for an extension of time to file a response.

## II.     STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III.   DISCUSSION

**1.   Time-Barred Claims**

**A.   Claims Under TILA and HOEPA**

Defendants argue that Plaintiffs' claims under TILA and HOEPA must be dismissed as time-barred. We agree. Claims for damages under TILA are governed by the one-year statute of limitations contained in 15 U.S.C. § 1640(e). This section states in relevant part: "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); See also Ramadan v. Chase Manhattan Bank, 156 F.3d 499, 500 (3d Cir. 1998); Celimar Solar v. Millennium Fin. Inc., No. 01-4327, 2002 WL 1019047, at *3 (E.D. Pa. May 17, 2002). Moreover, HOEPA, 15 U.S.C. § 1639, is an amendment to TILA and, therefore, is governed by the same statute of limitations. Id.; See also Kemezis v. Matthew, No. 07-5086,

2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008); Harris v. EMC Corp., No. 01-4868, 2002 WL 32348324, at *2 (E.D. Pa. Apr. 10, 2002).

Here, Plaintiffs specifically state in their Complaint that the date of the transaction between the parties occurred on October 12, 2005, which is the date that Ladem obtained the Mortgage and entered into the loan transaction with Fremont.[7] (Compl. ¶ 17.) The loan application signed by Ladem also reflects this date. (Defs.' Mot. Dismiss, Ex. B.) Thus, Plaintiffs had one year, until October 12, 2006, to file claims under TILA and HOEPA. Plaintiffs, however, did not file the instant Complaint until December 8, 2011, more than six years after the mortgage loan transaction occurred.

We note that the United States Court of Appeals for the Third Circuit has determined that the applicable statute of limitations contained in RESPA, TILA and HOEPA are subject to equitable tolling. Ramadan, 156 F.3d at 503–04. Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990). The Third Circuit has identified three principal circumstances, although not exclusive, in which equitable tolling may be appropriate: (1) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; (2) where the plaintiff timely asserted her rights in an improper forum; or (3) where the

---

[7]Plaintiffs aver in their Complaint:

> On the date of 12 [sic] day of October, 2005 Plaintiff entered into a written contract with the Defendant: Fremont Investment and Loan in which Defendant: Fremont Investment and Loan sold Defendant: U.S. Bank Association a promissory note in the amount of $340,000.00.

(Compl. ¶ 17.)

8

defendant has actively misled the plaintiff respecting the plaintiff's cause of action. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994); See also Ramadan, 156 F.3d at 504. Therefore, equitable tolling is appropriate in order to avoid unjust results where there has been fraudulent concealment. However, the party seeking equitable tolling must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618–19 (3d Cir. 1998).

    Here, Plaintiffs have not even responded to the instant Motion to Dismiss and, therefore, have not asserted any reasons why equitable tolling is appropriate here. In addition, the record before us is devoid of any such reasons. Accordingly, we find that Plaintiffs' TILA and HOEPA claims are barred by the statute of limitations, and will be dismissed.

    **B.    TILA Claim for Rescission**

    As noted, although it is not clear from the Complaint, it seems that Plaintiffs are seeking rescission of the Mortgage. However, TILA's statute of limitations would also bar Plaintiffs from bringing a claim for rescission.

    A borrower whose loan is secured by his or her principal dwelling has the right to rescind, unless the loan is not intended primarily for personal family purposes or the loan is a purchase money loan. 15 U.S.C. § 1635. Under 15 U.S.C. § 1635, there are two separate rights to rescind: (1) a three-day right to rescind, and (2) the right to rescind which may be extended to three years after the closing if a creditor fails to meet certain requirements under TILA. 15 U.S.C. §§ 1635(a) and (f). 15 U.S.C. § 1635(f) states in relevant part:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section and any other disclosures required under this part have not been delivered to the obligor.

15 U.S.C. § 1635(f). Here, Plaintiffs acknowledge in their Complaint that the Mortgage transaction between Ladem and Defendants occurred on October 12, 2005. (Compl. ¶ 31.) Even viewing the Complaint in a light most favorable to the Plaintiffs and assuming, arguendo, that the extended three year period to rescind applies to the Mortgage here, Plaintiffs had until October 12, 2008, to rescind. Plaintiffs also acknowledge in their Complaint that they did not attempt to rescind the Mortgage until November 24, 2011. (Id. ¶ 14.) As noted, the Complaint was not filed until December 8, 2011, well after the three-year period expired. Thus, any claim that Plaintiffs have asserted under TILA demanding rescission of the Mortgage is time-barred.[8]

### C. Claim Under RESPA

Plaintiffs also assert a claim for a violation under RESPA, which forbids certain practices related to the servicing of a mortgage loan or the administration of an escrow account. See 12 U.S.C. § 2605. However, any claim brought under § 2605 is subject to a three-year statute of limitations period. See 12 U.S.C. § 2614. This section states in relevant part:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property is located, or where the violation is alleged to have occurred, within 3 years

---

[8]For the same reasons stated in the previous section, we also find that equitable tolling is not appropriate regarding any claim for rescission of the Mortgage or for any of Plaintiffs' other claims that are discussed, infra.

> in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . .

12 U.S.C. § 2614.  Thus, Plaintiffs had, at the latest, until October 12, 2008, to file a RESPA claim, but failed to do so.  Therefore, Plaintiffs' RESPA claim is barred by the statute of limitations set forth in 12 U.S.C. § 2614.

### D. Fair Debt Collections Practice Act and the Fair Credit Reporting Act

Plaintiffs also make a general reference in their Complaint to the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  (Compl. ¶ 1.)  Plaintiffs, however, fail to set forth or allege in any way in the Complaint how these statutes apply to their claims.  Regardless, it is clear that any claims brought under these statutes would be time-barred as well.

15 U.S.C. § 1692k(d) provides a one-year statute of limitations for claims under FDCPA and states:

> [a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. §1692k(d).  In addition, 15 U.S.C. § 1681p states that any claim under the FCRA must be brought either: "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.

Here, Plaintiffs assert in their Complaint that the violation date for the basis of all of their

claims was October 12, 2005, the date of the Mortgage transaction. Any alleged violation under FDCPA would clearly be barred under its one-year statute of limitation. In addition, any claim brought under the FCRA would also be barred. Even viewing the Complaint in the light most favorable to the Plaintiffs and assuming that a claim under the FCRA would have a five-year statute of limitations under these facts, Plaintiffs would have had to bring such a claim by October 12, 2010. As noted, the instant Complaint was filed on December 8, 2011. Accordingly, any claims in the Complaint brought pursuant to FDCPA and FCRA are also barred by their applicable statutes of limitations, and must be dismissed.[9]

## IV.  CONCLUSION

We find that all claims brought pursuant to the statutes named in Plaintiffs' Complaint are time-barred by their applicable statutes of limitations. Accordingly, we dismiss Plaintiffs' Complaint with prejudice without leave to amend. Dismissal of a pro se complaint without leave to amend is justified if amendment would be futile. Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). Here, we find that any amendment of the instant Complaint would be futile. In addition,

---

[9]Defendants also assert in their Motion to Dismiss a number of other reasons why their Motion should be granted: (1) "Plaintiffs' TILA claim for rescission must be dismissed because Plaintiff obtained a purchase money mortgage on the property which cannot be rescinded;" (2) "El-Bey's purported interest in the property through a quitclaim does not confer standing upon him to bring claims" under TILA, HOEPA, or RESPA; (3) failure to raise claims during prior foreclosure proceedings; (4) claims against U.S. Bank are barred by res judicata; and (5) "Complaint must be dismissed under the Rooker-Feldman doctrine" which bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. See Rooker v. Fid.Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

However, because we find that all possible claims in Plaintiffs' Complaint are clearly time-barred under the applicable statutes of limitations, we do not find it necessary to address these arguments.

we deny El-Bey's Request for a Default Judgment.

      An appropriate Order follows.